MATTHEW J. PLATKIN
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625

Attorney for State of New Jersey,
 Department of Labor and Workforce Development

By:   Thomas J. Swan (299612021)
      Deputy Attorney General
      (609) 376-3166
      Thomas.Swan@law.njoag.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| JOSEPH C. HUDSON III, | ) | Case No. 24-21979 (CMG) |
| | ) | |
| Debtor. | ) | Hearing Date: February 26, 2025 |
| | ) | |

**OBJECTION OF THE STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT, TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

The State of New Jersey, Department of Labor and Workforce Development ("Labor"), objects to confirmation of Joseph C. Hudson, III's ("Debtor") Chapter 13 plan as follows:

1.   Labor requests that the Court: (1) deny confirmation of Debtor's plan; and (2) require Debtor to amend the plan to provide for full payment of Labor's proof of claim pursuant to 11 U.S.C. §1325.

2. Labor's requested relief is required because Debtor does not provide for full payment of Labor's secured claim and permit Labor to retain its liens.

3. On December 4, 2024, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

4. Labor filed the following claim against Debtor (Claims Register Number 4-1) filed on December 17, 2024 that includes secured debt in the amount of $56,722.96, for Unemployment Compensation and Temporary Disability Benefits for the 2nd quarter of 2002 through 1st quarter 2003, 3rd quarter 2003 through 2nd quarter 2005.

5. On December 4, 2024, Debtor filed a Chapter 13 Plan. Debtor's Plan provides for no payment of Labor's secured claim.

6. At the outset, under 11 U.S.C. §502(a), a proof of claim is deemed allowed unless an objection is filed by the debtor or another party in interest. Indeed, a properly filed proof of claim is <u>prima facie</u> evidence of the validity and the amount of the claim. <u>In re Lampe</u>, 665 F. 3d 506, 514 (3d Cir. 2011); <u>Fed. R. Bankr. P.</u> 3001(f). Here, no objections have been filed by any party to Labor's proof of claim. Thus, Labor's claim is deemed allowed as filed.

7. Debtor's plan cannot be confirmed.

8. First, Debtor's plan fails to address Labor's secured claim. Thus, Labor objects to Debtor's plan because it fails to comply with the requirements of 11 U.S.C. § 1325(a)(5) concerning the treatment of secured claims under a plan. Debtor's plan does not propose any payment towards Labor's secured claim and does not propose that Labor retain its lien until the claim is paid. Thus, Debtor has failed to comply with any of the §1325(a)(5) requirements concerning the allowed treatment of Labor's Secured Claim in the plan and, therefore, this Court should deny confirmation of Debtor's plan. In re Laguna, 944 F.2d 542 (9th Cir. 1991), cert. denied 112 S.Ct. 1577 (1991) (Plan will be confirmed by the Court only if it complies with one of the three conditions set forth under 11 U.S.C. § 1325(a)(5)); In re Scotto-DiClemene, 459 B.R. 558, 564 (Bankr. D.N.J. 2011) (Under Section 1325(a)(5), confirmation will not be granted unless one of three requirements are satisfied as to secured claims: (a) the secured creditor holder accepts the plan; (2) debtor surrenders the property securing the claim to the claim creditor; or (3) the secured creditor retains its liens until the underlying debt is paid in full or discharged).

9. Second, while Labor recognizes that its claim is only secured as such term is defined by 11 U.S.C. § 506 and as to the value of Debtor's property, Debtor should be required to submit sufficient proof to meet the burden of demonstrating that other priority secured liens exceed the fair market value of the collateral before

Labor's lien can be "stripped down" under 11 U.S.C. § 506(b), and consequently a portion of its secured claim reclassified as a priority claim.

10. Debtor presents no evidence to support the motion and no appraisal to support the allegations. Labor objects to this treatment and submits that by failing to provide proof of the true market value of Debtor's real property by submitting a recent appraisal of the property, Debtor has failed to overcome the <u>prima facie</u> validity of Labor's claim. Furthermore, it has come to Labor's attention that Debtor has real property not listed in his petition and has yet to file amended schedules reflecting the value of the real property. Labor submits that this additional property has sufficient equity to fully secure Labor's liens.

For the foregoing reasons, the State of New Jersey, Department of Labor and Workforce Development respectfully requests the Court: (1) deny confirmation of Debtor's plan; (2) require Debtor amend the plan to provide for full payment of Labor's proof of claim pursuant to 11 U.S.C. §1325; and (3) grant Labor any other relief deemed fair and equitable.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

      By:   /s/Thomas J. Swan
           Thomas J. Swan 299612021
Dated: February 18, 2025    Deputy Attorney General